```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOHN E. MCBRIDE,                                  :   08 CV 4589(ARR)(LB)
                                                  :
                        Plaintiff,                :   NOT FOR
                                                  :   PUBLICATION
        -against-                                 :
                                                  :   OPINION AND ORDER
NEW YORK CITY HUMAN RESOURCES                     :
ADMINISTRATION,                                   :
                                                  :
                        Defendant.                :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

Plaintiff, John E. McBride, proceeding *pro se* and *in forma pauperis*, claims that defendant, the New York City Human Resources Administration ("HRA"), his former employer, discriminated against him on the basis of his disability and retaliated against him, in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12111, et seq. ("ADA"). Specifically, plaintiff alleges that HRA terminated his employment and refused to reinstate him in his former position because of his head trauma and bipolar disorder.

The defendant has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that plaintiff failed to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the accrual of his claims and plaintiff failed to exhaust administrative remedies with respect to his retaliation claim. Plaintiff has responded in opposition. For the reasons that follow, the motion is granted and the action is dismissed.

1

I.  Facts

Unless otherwise noted, the following facts are taken from the amended complaint and accompanying attachments, and are presumed to be true.[1]

Plaintiff was employed by HRA as a provisional clerical associate in the computer services division for fourteen years. Plaintiff was terminated from this position on October 1, 1998. Prior to his termination, on September 22, 1998, HRA held a Step II Grievance Hearing in which plaintiff challenged his impending termination, but the penalty of dismissal was affirmed. DC 37, AFSCME Local 1549, the union representing plaintiff, filed a grievance on his behalf.

On August 3, 2000, before an arbitrator at the New York City Office of Collective Bargaining, plaintiff and the HRA agreed to a consent award under which plaintiff withdrew his grievance and HRA rescinded plaintiff's termination and converted it to a separation from employment pursuant to N.Y. Civ. Serv. Law § 73. Pursuant to the consent award, plaintiff became eligible to submit his application for reinstatement one year from the date of the award. To be considered for reinstatement, plaintiff was required to submit medical documentation certifying that he was able to return to work. In September 2002, plaintiff sought reinstatement to his former position, and in June 2003 he provided HRA with a psychiatric evaluation concluding that he was fit to work. Plaintiff's request was denied in an August 2003 letter explaining that his request was rejected because of his employment status as a provisional

---

[1] While reviewing this motion, the court may consider all documents attached to plaintiff's amended complaint. See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part of the pleading for all purposes."); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)(explaining that on a motion to dismiss, the court may consider documents attached to the complaint as an exhibit or incorporated in it by reference).

2

employee and because New York Civil Service Law, Section 73 is inapplicable to provisional employees.

Plaintiff has been diagnosed with a traumatic brain injury and bipolar disorder. Plaintiff alleges that HRA had knowledge of his diagnoses of head trauma and bipolar disorder and terminated his employment and denied him reinstatement on account of his disabilities in violation of the Americans with Disabilities Act.

Plaintiff alleges that he "brought an action in the Supreme Court of New York (trial division) to enforce the arbitration agreement," which he attempted to appeal to the New York Appellate Division and Court of Appeals, but he was unsuccessful. (Am. Compl. at ¶¶ 10-18.)

On December 8, 2008, plaintiff filed a charge of discrimination based on disability with the EEOC. In his EEOC charge, he complained only about discrimination based on disability, beginning October 1, 1998 and ending June 21, 2007. His papers to the EEOC allege "wrongful termination" in 1998 and HRA's refusal to reinstate him in his previous position in 2002 and 2003. Plaintiff received a Notice of Dismissal and Right to Sue letter from the EEOC dated December 19, 2008, which this court deemed filed with plaintiff's amended complaint.[2] (See Dkt. No. 13.) Plaintiff filed this action in November 2008.

Plaintiff previously filed an identical action against HRA in this district with an identical amended complaint; the only new component to this action is the December 2008 EEOC right to sue letter. See McBride v. New York City Human Res. Admin., 07-CV-2624(NG)(LB) (E.D.N.Y.)(Dkt. No. 5). That action was dismissed by opinion and order dated September 25,

---

[2] Plaintiff previously filed a charge of discrimination based on disability with the EEOC on September 23, 2003. He received a Notice of Right To Sue letter on April 28, 2004, but failed to commence an action within 90 days of receipt of the notice.

2007, because plaintiff failed to include a right to sue notice letter from the EEOC or allege the date he received a right to sue notice. See McBride, 07-CV-2624(NG)(LB)(E.D.N.Y. Sept. 25, 2007)(Dkt. No. 6).

II. Discussion

A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court assumes the truth of all facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006). Where, as here, a plaintiff proceeds pro se, the court has a special obligation to construe the pleadings liberally, reading them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

However, to survive a motion to dismiss, even a pro se plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009). For a claim to be plausible, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, if a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id. at 570.

B. Timeliness

Defendant argues that plaintiff's amended complaint must be dismissed in its entirety because his claims of disability discrimination and retaliation contained therein are time-barred.

4

In response, plaintiff states that his "timing in this case is correct." See Pl. Mem. Opp. Mot. To Dismiss.

The ADA requires a plaintiff to file an administrative charge of discrimination with the EEOC no more than 300 days after the alleged discriminatory act to maintain an action in federal court. See 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a). The deadline for filing an administrative complaint with the EEOC "is not jurisdictional" and it functions "like a statute of limitations." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). This statutory requirement is strictly enforced. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). "A claim is time barred if it is not filed within these time limits." Id.; see also Williams v. New York City Hous. Auth., 458 F.3d 67, 69-70 (2d Cir. 2006).

In this action, plaintiff first claims that the HRA discriminated against him based on his disability when it terminated him on October 1, 1998. To bring this claim, plaintiff was required to file his administrative charge of discrimination with the EEOC within 300 days of October 1, 1998, which calculates to be on or before July 28, 1999. Plaintiff also claims both that HRA failed to reinstate him to his prior position on account of his disability and as retaliation in violation of the ADA. Plaintiff received the letter informing him that he would not be reinstated to his former position on August 20, 2003. To bring this claim, plaintiff was required to file his administrative charge with the EEOC on or before June 15, 2004. Plaintiff claimed in his December 2008 EEOC administrative complaint that HRA's discriminatory conduct continued until June 21, 2007. Crediting plaintiff's stated date, to bring this claim, plaintiff was required to file his complaint with the EEOC within 300 days of that date, meaning on or before April 16,

2008. Plaintiff did not file his administrative complaint of discrimination with the EEOC until December 8, 2008. Therefore, plaintiff's claims are both time-barred.

In his response to the motion to dismiss, plaintiff exhibits a misunderstanding of the law. Plaintiff appears to argue that his discrimination and retaliation claims involving failure to reinstate his position in violation of the ADA are not time-barred because he first filed an administrative complaint with the EEOC on September 23, 2003. This argument fails because although plaintiff did initially file a complaint with the EEOC in a timely manner, he forfeited the claims in that administrative complaint when he failed to file an action within 90 days of receipt of the right to sue letter that he received in response to his 2003 EEOC complaint. See Johnson v. Verizon, No. 08 CV 11373(LAK)(GWG), 2009 WL 3000080, at *5 (S.D.N.Y. Sept. 23, 2009); see also 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a).[3]

III. Conclusion

Plaintiff's claims must be dismissed because he filed his administrative complaint of discrimination after the expiration of the 300-day limitations period required by the ADA. Defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice.

---

[3] Plaintiff does not claim to satisfy any of the factors identified by the Second Circuit as grounds for equitable tolling. Despite the deference granted to pro se plaintiffs, "[m]ere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations." Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997); see also Kantor-Hopkins v. Cyberzone Health Club, No. 06-CV-643(DLI)(LB), 2007 WL 2687665, at *6 (E.D.N.Y. 2007)("N]either filing charges as a pro se litigant nor having limited experience with the law is a valid reason for equitable tolling").

SO ORDERED.

/S/
———————————————
Allyne R. Ross
United States District Judge

Dated: November 23, 2009
      Brooklyn, New York

SERVICE LIST:

<pre>
              Pro Se Plaintiff
              John E. McBride
              3062 Avenue V
              Apt. 4-E
              Brooklyn, NY  11229

              Defendant's Counsel
              Courtney B. Stein, Esq.
              Robyn Leigh Silvermintz, Esq.
              New York City Law Department
              100 Church Street
              New York, NY 10007



cc:           Magistrate Judge Lois Bloom
</pre>